NOT DESIGNATED FOR PUBLICATION

No. 128,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARTHUR WAYNE SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Opinion filed June 13, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM:  Arthur Wayne Smith appeals the Sedgwick County District Court's order revoking his probation and imposing his underlying prison sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After reviewing the record, the arguments in Smith's motion, and the State's response, we affirm the decision of the district court.

FACTUAL AND PROCEDURAL HISTORY

In April 2024, Smith entered a guilty plea in case No. 22CR611 to possession of methamphetamine and possession of an opiate—each offense was a severity level 5

1

felony. As part of the plea agreement, the State agreed to dismiss a third count and recommend that Smith be sentenced to the high number in the appropriate sentencing guidelines box, the counts would run consecutive, and Smith would receive a dispositional departure based on certain substantial and compelling reasons. Smith filed the motion for dispositional departure on April 23, 2024, stating that the parties agreed to the departure.

On June 4, 2024, the district court held the sentencing hearing. Based on a special rule for a third or subsequent felony drug possession, Smith was subject to a presumption of incarceration for each of the offenses. During the hearing, the court gave Smith the choice between a prison sentence or probation. The court told Smith that he "really should go to prison today, pretty straight and clear to me," stating the court's belief that it was "highly unlikely [Smith was] going to be successful on this probation" based on his repeated bond violations and failures to appear prior to sentencing. The court told Smith that if he wanted to spend his time in prison, it would sentence him to the low end of the sentencing range at 28 months. Estimating his jail credit award at almost eight months, the court said Smith would be in prison for "less than a year and a half after good time." On the other hand, if Smith wanted to go on probation, the court told Smith it would impose the high end of the sentencing range in each of the consecutive counts, creating a total of 44 months underlying his probation. The court stated, "[I]f you want to go on probation, so be it. But it's going to be a one-shot probation, . . . so if you violate anything on the probation, you should expect that you're going to come back to court on a PV, and there is a high likelihood you'll be revoked." After conferring with his attorney, Smith chose probation.

The district court sentenced Smith to the high end of the sentencing range for each offense—32 months for possession of methamphetamine and 12 months for possession of an opiate—and ordered that the sentences be served consecutively. The court stated it would not impose the special rule, and it granted a downward dispositional departure to

12 months of probation instead. The court granted the departure based on Smith's timely acceptance of responsibility, the existence and rehabilitative benefits of treatment programs in the community, the increased likelihood of a nonprison sanction to promote offender reformation, and Smith's agreement to obtain a drug and alcohol evaluation prior to the first sentencing date. After pronouncing the sentence, in a statement understandably meant to incentivize his compliance with probation, the court reiterated it was "a zero tolerance probation."

A little more than a month after his probation term began, Smith's intensive supervision officer (ISO) filed a probation violation warrant alleging Smith violated the terms and conditions of his probation. The document alleged that Smith: (1) submitted a sample for urine analysis which was diluted on June 17, 2024; (2) submitted a sample for urine analysis which confirmed positive for methamphetamine on June 17, 2024; and (3) submitted a sample for urine analysis which confirmed positive for methamphetamine on June 25, 2024.

The district court held a hearing on the violations. Smith admitted the allegations contained in the warrant and waived his right to an evidentiary hearing. The district court recounted each of the allegations, and Smith confirmed that each was true. After the court found Smith knowingly and voluntarily waived his right to a hearing and that the allegations were true based on Smith's admission, the district court contemplated the disposition.

The district court described its ongoing concerns about Smith's prior conduct, including that Smith had 11 convictions prior to this case. The court noted that at the time of sentencing, Smith had five prior warrants in this case alone. The court also said that between March 2023 and his guilty plea in April 2024, Smith failed to appear at the preliminary hearing docket, failed to report to pretrial services, and failed to appear for arraignment. On one occasion, the court found Smith was out on warrant for three months

before arrest. The court also stated that while out on bond between his guilty plea and sentencing, Smith submitted a sample for urine analysis that was positive for methamphetamine, marijuana, and fentanyl, which—as to the methamphetamine and marijuana—he signed a statement of admittance for.

Although the district court had made prior comments that this was a "one-shot" probation and that the court would have "zero tolerance" for any violations, the court sought input as to disposition from all parties. The district court turned to Smith's ISO, who recommended placement in residential community corrections. She also confirmed Smith was reviewed by the drug court and denied based on his criminal history. The district court turned to the State, which recommended the court revoke Smith's probation and impose his underlying prison sentence. The State pointed to Smith's criminal history, the fact that the court granted Smith a departure, the fact that the court gave Smith a choice of a lower prison sentence or a probation term at sentencing, the court's indication that Smith had "one shot" on this probation, the special rule for his third or subsequent drug possession, and Smith's current violations of his probation. Finally, the district court turned to Smith and his attorney, who requested that the court follow the recommendation of Smith's ISO and order that Smith be placed in the residential program. Smith testified he believed the structure would be best for him, he made a mistake, and he needed more structure due to his drug habit than he originally thought.

After giving all parties a chance to present their case, and as a result of the violations, the court revoked Smith's probation and imposed his underlying sentence. The court stated it could not see a basis for reinstatement, pointing to Smith's conduct prior to sentencing where he failed to follow rules, show up to court, and stay off drugs. The court found no intermediate sanctions were required because it was a dispositional departure. While noting that Smith previously rejected the opportunity for a 28-month sentence, the court modified Smith's sentence from 44 months to 38 months in prison.

4

Smith now appeals, arguing the district court erred in revoking his probation. Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review the district court's decision to revoke probation for abuse of discretion. 315 Kan. at 328. Judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party arguing that the district court abused its discretion, Smith bears the burden of establishing such abuse. *Tafolla*, 315 Kan. at 328.

Smith does not identify a factual or legal error in the district court's decision to revoke his probation. Rather, he acknowledges that because the district court granted probation as a dispositional departure, it was not required to order Smith to serve a jail sanction prior to revoking his probation. See K.S.A. 22-3716(c)(1)(C); K.S.A. 22-3716(c)(7)(B). Smith argues the district court abused its discretion because no reasonable judge would revoke his probation when Smith's main concern was treatment for his drug addiction. Smith argues the use of jail sanctions and other community-based resources is more appropriate to his circumstances and better serves the community than a prison sentence of more than three years. He asserts that the court initially agreed he was better treated in the community but threw up its hands when a drug-addicted person tested positive for using drugs.

While Smith's desire to remain on probation is understandable, the district court's decision to revoke his probation was not arbitrary, fanciful, or unreasonable. When the court granted Smith's dispositional departure, it acknowledged the rehabilitative benefits of probation and community services outside of prison. The district court also shared, however, its concern that Smith would be unsuccessful based on his record of bond

violations and failures to appear. The court stated clearly that if Smith violated anything on probation, there was a high likelihood it would revoke his probation. Smith committed drug-related violations less than three weeks after that hearing, reinforcing the court's belief that Smith was "repeating the same cycle again" and could not follow the rules.

By violating his probation conditions within three weeks of sentencing, Smith showed that his past failures to comply with the law would continue into his probation term. Under the circumstances here, we cannot say the district court's decision to revoke his probation was unreasonable. Smith has failed to establish the district court abused its discretion.

Affirmed.